IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALAN DOERING                                                                                          PLAINTIFF

Case No. 6:15-cv-06093

REED ( Assistant Director                                                                          DEFENDANTS
of ADC); WARDEN
FAUST; SGT. MELUGIN;
AND SGT. RYAN

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 23, 2015. ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Varner Unit. Plaintiff alleges his religious beliefs and the religious restoration act were violated by an incident which occurred while he was incarcerated in the ADC Ouachita River Unit ("ORU"). On May 14, 2015, Plaintiff alleges Defendant Melugin asked to see his religious accommodation (presumably a written notice or permission allowing for wearing a beard for religious purposes). After seeing it, Plaintiff alleges Defendant Melugin threw it to the floor and stated he hoped Plaintiff "got mange." Plaintiff alleges Defendant Ryan observed the incident and lied about it. Plaintiff further alleges Defendant Faust and Defendant Reed refused to investigate the incident. Plaintiff

1

further alleges he was denied a stress test for all parties involved to prove the violation of his religious beliefs. ECF No. 2, p. 4.

Plaintiff seeks one-thousand dollars from every Defendant. He further seeks to have the ADC policy followed, to have every Defendant subjected to a stress test, and to have no retaliation leveled against him for filing this lawsuit.

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff's complaint fails to state a cognizable claim under the Free Exercise Clause of the First Amendment, the Religious Freedom Restoration Act ("RFRA"), or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). "Under the Free Exercise Clause, RFRA and RLUIPA, [an inmate] must first raise a material question of fact regarding whether the [institution] has placed a substantial burden on his ability to practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (internal quotations omitted). In order to constitute a substantial burden, the government policy or actions:

> must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 988 (8th Cir. 2004) (internal quotations and modifications omitted).

In this case, Plaintiff has not alleged any substantial burden on his ability to practice his religion. He alleges a beard was required for his religious beliefs. He does not allege he was prevented from having a beard. Instead, he alleges he was given a religious accommodation for his beard. He does not make any allegations that he was prevented in any way from expressing adherence to or engaging in the practice of, his religion, regarding his beard or otherwise. Instead Plaintiff only alleges Defendant Melugin threw his accommodation on the floor and said he hoped Plaintiff got mange. Nothing in Plaintiff's statement about Defendant Melugin's actions can be construed as constituting a substantial burden on Plaintiff's ability to practice his religion. Therefore, Plainitff's allegations concerning the remaining Defendants either lying about the incident or failing to investigate the incident also fails to state any cognizable claim.

To the extent Plaintiff's allegations could be construed as retaliation for adhering to his religion by wearing a beard, his allegations are *de minimis* at most. "To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Practicing one's religion is unquestionably a protected activity. Therefore the next question is whether Defendant Melugin's actions would chill a person of ordinary firmness from doing so. In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir.2001) (citation omitted); *Madewell v. Roberts*, 909 F.2d 1203,

1206 (8th Cir.1990) (same). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id.* See also *Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir.1994) ("[W]hen retaliatory conduct is involved, there is no independent injury requirement."). "Yet, there are some injuries so de minimis that they do not rise to the level of constitutional violation. 'It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.'" *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). "The ordinary-firmness test is . . . designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Santiago*, 707 F.3d at 992 (8th Cir. 2013) (citing *Garcia v. City of Trenton,* 348 F.3d 726, 728 (8th Cir. 2003).

Verbal threats may be sufficiently adverse to meet the chilling requirement, particularly if they are contextually supported threats of death or serious harm.  Speculative and conclusory, or *de minimis* allegations, however, cannot support a retaliation claim.  See e.g. *Santiago*, 707 F.3d at 991 ("threats of death, issued by a correctional officer tasked with guarding a prisoner's segregated cell, would chill a prisoner of ordinary firmness from engaging in the prison grievance process"); *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (guard pointing a gun at inmate, cocking it, and threatening him with "instant death" immediately after inmate had testified against another guard sufficiently adverse); *but see Rustan v. Rasmussen*, 208 F.3d 218 (8th Cir. 2000)(unpublished) (allegations that Defendants harassed and verbally threatened him in retaliation for a grievance did not form the basis of a cognizable § 1983 claim); *Evenstad v. Herberg*, 994 F.Supp. 2d 995, 1001 (D. Minn. 2015) (Alleged statement that "We'll be ramping things up" not actionable. "Without a more specific reference to [inmate] or what he might have coming, without a history of abuse or a pattern of threats, and unaccompanied by any menacing gesture, [the correctional officer's] statement simply

is not sufficiently threatening to chill a person of ordinary firmness from continuing a protected activity."); *see also Dunbar v. Barone*, 487 Fed. App'x. 721, 723 (3d Cir. 2012) (unpublished) ("verbal threats and [a] few gestures of racial harassment" are not sufficiently adverse to support a retaliation claim.); *Riley v. Coutu*, 172 F.R.D. 228, 235 (E.D. Mich. 1997) ("Certain means of 'retaliation' may be so *de minimis* as not to inhibit or punish an inmate's rights of free speech. Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response.")

In this case, Plaintiff's allegations concerning Defendant Melugin's actions and statement are at most *de minimis*. Defendant Melugin's actions in throwing the written notice of accommodation to the floor and stating he hoped Plaintiff got mange are not actionable. Neither action would prevent a person of "ordinary firmness" from engaging in his or her religion.

For the foregoing reasons, I recommend that Plaintiff's claims against all Defendants be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **day 29th of April 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE